UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The Court has received a (1) Motion to Dismiss and/or Strike the Complaint filed by defendants, (Dkt. 11), and (2) Motion to Remand filed by plaintiff, (Dkt. 14). The parties have filed their respective Opposition and Reply briefs. (Dkts. 13, 16, 17, 21.) Defendants have also filed a Notice of Newly Decided Authority, (Dkt. 22), to which Plaintiff has filed an Objection, (Dkt. 23). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

## I.    Background

This is a wage and hour class action brought by plaintiff Delvin Hines ("Plaintiff") on behalf of a class of individuals employed by defendants Constellis Integrated Risk Management Services, Centerra Services International, Inc., Centerra Group LLC, and Michael Chandless (collectively "Defendants"). Defendants removed the action to this Court on July 29, 2020, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. On August 5, 2020, the Court ordered Defendants to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction because Defendants have failed to show, by a preponderance of the evidence, that the amount in controversy requirement for CAFA jurisdiction has been met. (Dkt. 10.) Defendants have filed a Response, (Dkt. 12), as well as a Motion to Dismiss and/or Strike the Complaint. Plaintiff has also filed a Motion to Remand on the basis that Defendants have not satisfied the CAFA amount in controversy.

## II.   Legal Standard

### A.    Motion to Remand

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Federal subject matter jurisdiction may be based on diversity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id.

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.

**B.      Motion to Dismiss**

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e); see also Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

In Twombly, however, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### III. Analysis

The Court finds that Defendants have satisfied their burden of establishing by a preponderance of the evidence that the CAFA amount-in-controversy is met. The Court therefore denies the Motion to Remand. In addition, for the reasons discussed below, the Court dismisses the complaint with leave to amend.

#### A. Motion to Remand

In the Notice of Removal, Defendants argue that the amount in controversy for Plaintiff's claims exceeds $5,000,000. (See Removal at 23 (calculating amount in controversy to be $5,870,069.59).) Because Defendants did not include any declaration or other evidence in support of its calculations, the Notice of Removal appeared to be deficient in light of its unsupported assumptions regarding the rate at which the alleged statutory violations occurred. For example, Defendants assumed a 100% violation rate for some damages calculations, but did not present sufficient evidence to establish that this constitutes a reasonable inference. (See, e.g., id. at ¶28 (assuming all putative class members experienced overtime violations for every day worked); ¶33 (assuming minimum wage violation for all putative class members for every day worked); ¶37 (assuming all putative class members experienced a meal period violation during every workweek).) The Court warned Defendants that although they "may draw reasonable inferences from the complaint and from the evidence submitted in connection with the removal of the complaint . . . [Defendants are] not permitted to pull violation rates out of thin air." Sanchez v. WaveDivision Holdings, LLC, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018).

Defendants have now presented new evidence to demonstrate that the CAFA amount in controversy is met. Defendants have submitted a declaration from the Senior Director of North American Operations for Constellis, LLC to support the damages calculations. The declaration presents the following information in support of the damages calculations: (1) number of the non-exempt, hourly-paid CSI and CGI employees who were employed during the relevant time period; (2) number of non-exempt, hourly-paid CSI and CGI employees who left their employment during the relevant time period; (3) recorded hours worked per workday by each non-exempt, hourly paid CSI and CGI employee during the relevant time period; (4) total number of recorded hours worked per workday by all such CSI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

and CGI employees during the relevant time period; (5) number of days each non-exempt, hourly-paid CSI and CGI employee worked, based on their dates of employment, and the total number of workdays for all such employees during the relevant time period; (6) average (mean) hourly rate of pay in effect for each of the current and formerly employed non-exempt, hourly-paid CSI and CGI employees during the relevant time period; and (7) number of wage statements that were issued to such CSI and CGI employees who were employed during the relevant time period.

In addition, while the Notice of Removal only presented damages calculations for putative class members who worked for Constellis Integrated Risk Management Services, Defendants have now presented additional damages calculations for putative class members who worked for Centerra Group LLC. This has increased the estimated amount in controversy to $8,623,035.26. Based on the evidence and case law presented in Defendants' Response to the Order to Show Cause and Opposition to the Motion to Remand, the Court finds that Defendants have demonstrated by a preponderance of the evidence that the CAFA amount in controversy has been met. Therefore, the Court hereby denies the Motion to Remand and discharges its Order to Show Cause.[1]

   **B.**   **Motion to Dismiss**

As a preliminary matter, the Court addresses Defendants' Request for Judicial Notice filed in support of the Motion to Dismiss. (Dkt. 11 at 17.) Defendants ask the Court to take judicial notice of the following documents: (1) Private Patrol Operator License No. 17965 for Centerra Services International, Inc.; (2) Private Patrol Operator Branch, Registration No. PPB6296, License No. PPO17965; (3) Security Guard Licensing Details for Plaintiff; (4) Collective-Bargaining Agreement ("CBA") in effect October 1, 2013 to September 30, 2016; (5) CBA in effect October 1, 2016 to September 30, 2019; and (6) CBA in effect October 1, 2019 to September 30, 2022.

The Court finds that these exhibits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); see also Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1192–93 (C.D. Cal. 2015) (Morrow, J.) (granting request for judicial notice of a CBA in support of a motion to dismiss). The Court therefore takes judicial notice of

---

[1] The Court has reviewed Plaintiff's Evidentiary Objections to Defendants' evidence submitted in response to the Notice of Removal. (Dkt. 14-3.) The Court finds that the evidentiary objections are conclusory, boilerplate, and lack merit, and therefore are overruled. In addition, the Court has reviewed Defendant's Notice of Newly Decided Authority and Plaintiff's Objection to the Notice. Plaintiff incorrectly argues that the Notice amounts to an impermissible response to the Reply brief. Contrary to Plaintiff's position, Defendants have not inappropriately presented new arguments or evidence in the Notice, which simply alerts the Court to a recently-decided Ninth Circuit case that may have bearing on this case. Without more, Plaintiff has failed to present sufficient evidence or argument in support of its request that the Court strike the Notice. Therefore, Plaintiff's objection is overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

these documents. Because the Court did not rely on any of the remaining exhibits in reaching this decision, the request for judicial notice as to those exhibits is denied as moot.

### i.     Overtime Claim

Plaintiff cannot pursue an overtime claim under California Labor Code § 510 if he is subject to a CBA that satisfies the overtime exemption set forth in § 514 ("Section 514"). Section 510 "do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Defendants have presented evidence that these requirements are satisfied. (See Ex. D at 8, 18, 20, 22, 23, 26, 29, 32; Ex. E at 8, 18, 20, 22, 23, 26, 29, 32; Ex. F at 6, 14, 16, 17, 18, 21, 22, 25.) Plus, the CBAs that were applicable to Plaintiff's employment during the putative class period reflect that the lowest applicable hourly wage paid during that period was $24.44, which is more than 30% above the highest statutory minimum wage in California ($12.00 per hour) within the last four years. (See Ex. D at 26.) Plaintiff does not contest this evidence.

Plaintiff argues that his overtime claim is based on "Defendants' failure to accurately track Plaintiff's hours worked as well as a detrimental rounding policy," and "none of the CBAs Defendants attach explain how employee work hours are tracked, recorded, paid for, and further make no mention of any rounding policy." (Dkt. 13 at 14-15.) Plaintiff believes that "[t]hese failures alone preclude Defendants from invoking section 514's overtime exemption." (Id.) But Plaintiff does not cite any case law in support of this position. And numerous courts have held that Section 514 exempts overtime claims when an employee is subject to a valid CBA. See, e.g., Cathcart v. Sara Lee Corp., 2011 WL 5981849, *7 (N.D. Cal. Nov. 30, 2011); Kilbourne v. Coca-Cola Co., 2014 WL 11397891, *7 (S.D. Cal. July 14, 2014). Without more, the complaint doe not allege sufficient well-pleaded facts to avoid preemption under § 514, but in an abundance of caution, Plaintiff's overtime claim is dismissed with leave to amend. See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party.").

### ii.    Minimum Wage Claim

The Complaint states that "Defendants failed to, on occasions, pay Plaintiff and Class Members minimum wages for all minute worked as a result of including but not limited to Defendants failing to accurately track and/or pay for all minutes actually worked, including by without limitation, rounding minutes on employee time entries o the detriment of Plaintiff and similarly situated employees." (Compl. ¶43.) Essentially, "Plaintiff has alleged that Defendants did not pay him all of the wages due to him without providing details as to one specific workweek when this occurred. Plaintiff's allegations are overly general and therefore preclude the Court from making a plausible inference that Defendants engaged in the alleged conduct during at least one workweek." Guerrero v. Halliburton Energy Servs.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

Inc., 2016 WL 6494296, *4 (E.D. Cal. Nov. 2, 2016). Other district courts have dismissed the plaintiff's minimum wage claim on this basis. See, e.g., id. (dismissing with leave to amend); Dawson v. HITCO Carbon Composites, Inc., 2017 WL 7806618, *4 (C.D. Cal. Jan. 20, 2017) (dismissing minimum wage claim with leave to amend because "Plaintiff's generalized allegations, devoid of any factual detail, are insufficient to state a plausible claim"); Morales v. Paschen Mgmt. Corp., 2019 WL 4544421, at *4-5 (C.D. Cal. July 9, 2019) ("Plaintiff's boilerplate recitations of the law and conclusory allegations are insufficient to support a claim against Defendants."); Boyak v. Regis Corporation, 812 Fed.App'x. 428, 430 (9th Cir. 2020).

In addition, the Complaint does not apparently allege factual details with respect to the manner in which Plaintiff was paid (e.g., hourly, piece-rate). Compare De Dios v. Gerard Roof Products, LLC, 2018 WL 6016952, *4 (C.D. Cal. Sept. 4, 2018) (granting motion to dismiss and noting the plaintiff "does not state his hourly pay rate, nor does he allege facts showing that his wages fell below the legal minimum wage"). Without more, Plaintiff has failed to set forth "sufficient allegations of underlying facts to give fair notice and to enable [Defendants] to defend [themselves] effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Therefore, the Court dismisses the minimum wage claim with leave to amend.

### iii.   Rest Break Claim

Plaintiff's rest break claim fails for the same reason as the minimum wage claim. The Complaint states that, "Plaintiff and other Class Members were, on occasion, not provided with requisite 2 rest periods as contemplated under the law." (Compl. ¶56.) "[T]he Ninth Circuit requires a plaintiff to allege actual dates of occurrences of any purported break violations, or at least allege one workweek with missed meal or rest breaks." Parsittie v. Schneider Logistics, Inc., 2019 WL 8163645, at *6 (C.D. Cal. Oct. 29, 2019) (emphasis in original) (citation omitted). Without more, Plaintiff has failed to state a plausible claim for rest break violations. Compare Freeman v. Zillow, Inc., 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015) ("[A]lthough Plaintiff's allegations raise the possibility of violations, Plaintiff has failed to provide sufficient detail to support a reasonable inference that Defendant violated California Labor Code § 226.7"). The Court hereby dismisses the rest break claim with leave to amend.

### iv.   Meal Period Claim

Defendants argue that Plaintiff is exempt from the meal break requirements of the California Labor Code because he is a security officer and a union-represented employee subject to a valid CBA, and therefore satisfies the requirements of California Labor Code §§ 512(e) and (f)(3). The meal break requirements set forth in Section 512(a) and (b) "do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied: (1) The employee is covered by a valid collective bargaining agreement. (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30

Case 2:20-cv-06782-JWH-PLA   Document 26   Filed 09/25/20   Page 7 of 10   Page ID #:839

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

percent more than the state minimum wage rate." Cal. Lab. Code § 512(e). And Section 512(e) "applies to each of the following employees: . . . (3) An employee employed in the security services industry as a security officer who is registered pursuant to Chapter 11.5 (commencing with Section 7580) of Division 3 of the Business and Professions Code, and who is employed by a private patrol operator registered pursuant to that chapter." Cal. Lab. Code § 512(f)(3).

Defendants have presented evidence that Plaintiff is subject to a valid CBA that meets the conditions identified in Section 512(e). In addition, the CBAs expressly provide for meal periods for its employees. (See Ex. D at 23; Ex. E at 23; Ex. F at 18-19.) And the CBAs expressly provide for final and binding arbitration of all CBA-related disputes, including the application of the CBA's meal and rest period provisions. (See Ex. D at 9; Ex. E at 9; Ex. F at 7.) Defendants have also provided evidence that Plaintiff is employed as a security officer as defined under Section 512(f)(3), which Plaintiff does not apparently dispute. (See Exs. A-C.)

Plaintiff counters that the CBAs are not valid because they waive the employee's right to a meal period, as well as fail to state in writing that an employee is able to revoke the on-duty meal period agreement at any time. The Court is unpersuaded by this position. The CBAs explicitly provide that "[e]mployees agree to an on the job paid meal period each shift." See Ex. D at 23-24; Ex. E at 23-24; Ex. F at 18-19.) The Court finds Araquistain v. Pac. Gas & Elec. Co. is instructive. See 229 Cal. App. 4th 227 (2014). The appellate court addressed "whether a contract that provides that employees who work shifts of eight consecutive hours 'shall be permitted to eat their meals during work hours and shall not be allowed additional time therefore at Company expense' falls within the exception provided in section 512, subdivision (e).'" Id. at 230. The court determined this CBA provision did "expressly provide[] for meal periods" and the CBA therefore met the requirements of Section 512(e)'s exemption. Id. The court reasoned that when "employees 'represented by a labor union, have sought and received alternative wage protections through the collective bargaining process,' they are free to bargain over the terms of their meal period, including whether the meal period will be of a specified length and whether employees will be relieved of all duty during that time." Id. at 239 (citation omitted).

Similarly, the parties here have entered into a CBA that "expressly made alternate arrangements to allow covered employees time to eat their meals." Id. at 238. The case law Plaintiff relies on in his Opposition is distinguishable from this action. See Valles v. Ivy Hill Corp., 410 F. 3d 1071, 1078 (9th Cir. 2005) (case involved printing press employees who—unlike qualifying registered security officers—are "given no special exemption" under Section 512); Zavala v. Scott Brothers Dairy, Inc., 143 Cal. App. 4th 585 (2006) (case does not address applicability of Section 512(e) exemption). Without more, the complaint doe not allege sufficient, well-pleaded facts to avoid preemption under § 512(e), but in an abundance of caution, Plaintiff's meal period claim is dismissed with leave to amend.

    **v.**    **Wage Statements Claim**

The Complaint states that "Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendants, on occasion, due to the failure to pay due wages for the reasons described

Case 2:20-cv-06782-JWH-PLA   Document 26   Filed 09/25/20   Page 8 of 10   Page ID #:840

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

herein, also, on those occasions, failed to issue wage statements that accurately set out amounts due . . . gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." (Compl. ¶63.) As a result, Defendants "failed to furnish employees with an accurate calculation of net and gross wages earned, and net and gross wages paid." (Id.) "The Complaint fails to allege a single factual exemplar of any inaccurate wage statement. These allegations are too conclusory to put Defendants on notice of any wrongdoing, and fail to state a claim as a matter of law." Soratorio v. Tesoro Ref, & Mktg. Co., LLC, 2017 WL 1520416, *5-6 (C.D. Cal. Apr. 26, 2017). Plaintiff has merely recited the statutory language of the Labor Code and made conclusory allegations that are devoid of factual support.

Moreover, Plaintiff appears to allege "only that the amount he was paid was incorrect, not that the wage statements inaccurately reflected the wages he was paid. . . . Accordingly, the wage statements do not violate § 226(a) even if the amount paid was incorrect." Sherman v. Schneider Nat'l Carriers, Inc., 2019 WL 3220585, *5 (C.D. Cal. Mar. 6, 2019); see also Maldonado v. Epsilon Plastics, Inc., 22 Cal. App. 5th 1308, 1337 (2018) (the underpayment of wages "does not mandate . . . penalties for the wage statements which accurately reflected their compensation"). For these reasons, the Court dismisses the wage statement claim with leave to amend.

### vi.     Waiting Time Penalty

Defendants argues that the waiting time penalty claim is "flawed because [Plaintiff's] Complaint explicitly alleges that he is currently employed by one or more Defendants in this action." (Dkt. 11 at 40; Compl. ¶10 ("Defendants employed Plaintiff as a non-exempt employee . . . from approximately March of 17, 2002 through the present.").) "[W]aiting time penalties are only available when an employee is discharged or quits a position." Porch v. Masterfoods, USA, Inc., 685 F. Supp. 2d 1058, 1075 (C.D. Cal. 2008), aff'd, 364 F. App'x 365 (9th Cir. 2010); see also Cal. Lab. Code § 203 ("[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid . . . for [no] more than 30 days.") (emphasis added). Therefore, the Court dismisses the waiting time penalty claim with leave to amend. See Haralson v. United Airlines, Inc., 224 F.Supp.3d 928, 943 (N.D. Cal. 2016) (dismissing claim with leave to amend because "Haralson's complaint does not allege that he resigned or was terminated. To the contrary, he alleges that he continues to work for the Defendants.") (citation omitted).

### vii.    Unfair Competition

The Complaint alleges that "[t]he unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200." (Compl. ¶78.) California's Unfair Competition Law ("UCL") creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. See Cal. Bus. & Prof. Code § 17200. Each "prong" of the UCL provides a "separate and distinct theory of liability." Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 731 (9th Cir. 2007). "To be 'unlawful' under the UCL, the [alleged business practice] must

Case 2:20-cv-06782-JWH-PLA Document 26 Filed 09/25/20 Page 9 of 10 Page ID #:841

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

violate another 'borrowed' law." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1168 (9th Cir. 2012)). "[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200." Id. Because the UCL claim is based entirely on claims that this Court has dismissed, this derivative claim also fails and must be dismissed with leave to amend. See Parsittie, 2019 WL 8163645, at *8 ("because the Court has already concluded that Plaintiff's other claims fail, the Motion [to dismiss] is granted with leave to amend as to Plaintiff's [UCL] Claim.").

### viii. Joint Employer Allegations

The Complaint states that "Plaintiff is informed and believes and based thereon alleges that the Defendants collectively acted in all respects pertinent to this action as joint employers." (Compl. ¶16.) Plaintiff also alleges in a conclusory manner "that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants." (Id.) "Plaintiff's joint employer allegations are insufficient because they are legal conclusions, not factual allegations." Hibbs-Rines v. Seagate Techs., LLC, 2009 U.S. Dist. LEXIS 19283, *14-15 (N.D. Cal. Mar. 2, 2009). Whether two entities are 'joint employers' is a legal conclusion that, under California law, 'depends on a factual inquiry into the totality of the working relationship of the parties.'" Id. (quoting Vernon v. State, 116 Cal. App. 4th 114, 124, n. 7 (2004)) (quotations omitted). "While plaintiff is not required to conclusively establish that defendants were her joint employers at the pleading stage, plaintiff must at least allege some facts in support of this legal conclusion." Id. Plaintiff has failed to do so. The Court therefore dismisses the joint employer allegations with leave to amend.

### ix. Claims Against Defendant Michael Chandless

The Complaint states that "Plaintiff is informed and believes, and based thereon alleges, that defendant Chandless is . . . a Project Manager and/or Director. In that role, Plaintiff is informed and believes that Chandless exercised control over the wages, hours and/or working conditions of Plaintiff and Class Members." (Compl. ¶14.) Under California Labor Code § 558.1, an individual other than an employer may be held liable for violations of the California Labor Code, but only if the individual is an "owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1(b). A "managing agent" includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999). Thus, a "managing agent" is "more than a mere supervisory employee." Id. at 573. The Court finds that the Complaint fails to show that Chandless exercised substantial independent authority and judgment in Defendants' corporate decisionmaking such that he operated as a "managing agent." Compare Nguyen v. Ericsson, Inc., 2018 WL 2836076, at *3 (N.D. Cal. June 11, 2018) (finding allegations that (1) plaintiff reported to defendant, (2) defendant gave him daily assignments, and (3) defendant reviewed all work hours submitted for compensation and requests for reimbursement were insufficient to establish that defendant was a "managing agent"). The Court therefore dismisses the claims against Defendant Chandless with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6782 PA (PLAx) | Date | September 25, 2020 |
|---|---|---|---|
| Title | Delvin Hines v. Constellis Integrated Risk Management Services et al. | | |

  **x.**  **Request to Strike Attorneys' Fees Request**

  The Complaint states that "Plaintiff and the other Class Members are entitled to recover the full amount of their unpaid additional pay for missed meal periods, . . . plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287." (Compl. ¶52.) Defendant argues that Plaintiff's request for attorneys' fees in this paragraph should be stricken because under Kirby v. Immoos Fire Protection, Inc., 53 Cal.4th 1244, 1254-59 (2012), fees are not available for prevailing on such claims. However, Plaintiff could still recover attorneys' fees under California Code of Civil Procedure § 1021.5. See Cal. Code Civ. P. § 1021.5; Harper v. Charter Communs., LLC, 2020 U.S. Dist. LEXIS 33054, at *15 (E.D. Cal. Feb. 25, 2020); Guerrero v. Halliburton Energy Servs., 231 F. Supp. 3d 797, 809-10 (E.D. Cal. Feb. 3, 2017) (district court "decline[d] to strike Plaintiff's request [for attorney's fees on §226.7 claim] at this time. Courts considering this very issue in similar cases generally find the attorney's fees may be appropriate under CCP § 1021.5.") (collecting cases).

  Moreover, "[m]oving to strike Plaintiff's claim for attorney's fees based upon his § 226.7 claim is inappropriate because 'Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.'" Ortega v. Watkins & Shepard Trucking, Inc., 2019 U.S. Dist. LEXIS 150168, n.5 (C.D. Cal. Mar. 27, 2019) (quoting Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 975 (9th Cir. 2010)); see also Maxwell v. McLane Pac., 2017 U.S. Dist. LEXIS 228354, at *32 (C.D. Cal. Oct. 19, 2017) (same). For these reasons, at this early stage of the litigation, the Court denies the request to strike the attorney's fees request in Paragraph 52 of the Complaint.

## Conclusion

  The Motion to Remand is denied, and the Court's Order to Show Cause is discharged. For all the foregoing reasons, the Complaint is dismissed with leave to amend. Plaintiff may file an amended complaint, if any, no later than fourteen (14) days from the date this order is entered. Failure to file an amended complaint by the specified deadline may result, without further warning, in dismissal of this action. Finally, the Scheduling Conference previously set for September 28, 2020 is hereby vacated.

  IT IS SO ORDERED.